### TRANS–STATE OIL CO. et al. v. STATE et al.
### No. 4579.

Court of Civil Appeals of Texas. Texarkana.

Sept. 30, 1933.

Saye, Smead & Saye, of Longview, for appellants.

James V. Allred, Atty. Gen., and Neal Powers, A. R. Stout, and Willis E. Gresham, Asst. Attys. Gen., for appellees.

LEVY, Justice (after stating the case as above).

It is believed that the present suit, in form and objective, must be regarded and so considered on this appeal, as quo warranto proceeding, to forfeit the charter of the two oil corporations named as defendants. The proceeding was presented to the trial court, as we must deem it to have been, upon that theory. The proceeding was by the state, on the relation of the Attorney General of the state, praying that upon the particular grounds stated, to have forfeited or vacated the charter of the corporations, and to oust from the franchise to be a corporation, and for the appointment of a receiver of the properties and business of the corporations. The common procedure was followed for the institution of a quo warranto proceeding, of first making application for leave of the court to institute it, and the granting of such leave by the court. Article 6253, R. S. And it appears that the court at once upon the filing of the complaint entered an interlocutory order appointing the receiver, resting the appointment alone upon the allegations in the complaint. The statute expressly provides for the appointment of a receiver, namely, subdivision 3 of article 2293: "3. In cases where a corporation * * * has been dissolved or has forfeited its corporate rights."

Article 1375: "In any case wherein the State is suing any such corporation for the forfeiture of its charter, or of its permit to do business in this State, or for fines or penalties, appoint a receiver for such corporation whenever the interest of the State may seem to require such."

And it may be assumed for the moment, without deciding the question, that the grounds alleged for forfeiture are grounds conferred by statute to decree forfeiture of a charter of a private corporation. The forfeiture of the charter of a private corporation may be predicated upon a violation of any duty cast upon it by positive law and on violation of a statute. 11 Tex. Jur. § 462, p. 123. But, as we conclude, in view of the evidence in the record, considered as a whole, the appointment of a receiver for the corporations named may not properly be made in advance of the final adjudication of forfeiture of the charters of the corporations. The penalty invoked represents the extreme rigor of the law, and its infliction must rest upon grave cause and be warranted beyond dispute by material misconduct in willful violation of law or of the corporate grant.

We are not to be understood as holding either that the charges in suit do or do not justify a forfeiture of the charters upon the final adjudication upon the merits.

The order is reversed, and judgment is here rendered vacating the appointment of a receiver, and the cause remanded for trial in regular course.